**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

PAUL FRANKLIN CLARK, JR.                                                    PLAINTIFF
ADC # 113059

v.                                         3:22CV00214-BSM-JTK

GREENE COUNTY DETENTION CENTER, et al.                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge Brian S. Miller.   Any party may file written objections to all or part of this

Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.   By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

I.      **Introduction**

Paul Franklin Clark, Jr.   ("Plaintiff") was in custody at the Greene County Detention

Center when he began this lawsuit.   He filed a pro se civil action under 42 U.S.C. § 1983, as well

as a Motion to Proceed In Forma Pauperis, which was granted.   (Doc. Nos. 2, 5, 6).   The Court

screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found

that Plaintiff failed to state a claim upon which relief may be granted.   (Doc. No. 6).   Plaintiff

1

was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.).

Plaintiff has filed his Amended Complaint.   (Doc. No. 7).   As explained below, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.   Accordingly, the Court recommends this action be dismissed without prejudice.

## II.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

III.    **Discussion**

In his Amended Complaint, Plaintiff sued Nurses Tammy Case and Hanna Allen (collectively, "Defendants") in their official and personal capacities.    (Doc. No. 7 at 1-2). Plaintiff's statement of claim is brief, reading, in its entirety:

> This facility denied me my medication and took money out of my account for a sick call I never put in.   I asked to get my blood pressure checked because my chest was hurting and the CO slammed to door in my face on the 19[th] of July.   They told me I put in a sick call on the 13th of July and I was in court in Clay County on that date.

(Id. at 4).   Plaintiff seeks damages.   (Id. at 5).

A.    **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities seeking damages only. He identified Defendants as working at the Green County Detention Center.   "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."   Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's claims against Defendants are the equivalent of claims against Greene County.   To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury.   Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monel v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).   To the extent Defendants are employed by a third-party employer, Plaintiff's official capacity claims are the equivalent of claims against that employer.   See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993).   To state a claim against the employer, Plaintiff

3

would have had to plead that a policy or custom of the employer was the driving force behind the violation of Plaintiff's rights.   See Id.

Plaintiff has not alleged that any policy or custom was the driving force behind the alleged violation of his rights.   As such, Plaintiff's official capacity claims fail.

**B.      Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983.   "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."   Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).   Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Iqbal, 556 U.S. at 678.

Plaintiff named Tammy Case and Hanna Allen as Defendants, but made no allegations against either Defendant.   When given the chance to amend his Complaint, the Court explained to Plaintiff that he should "provide specific facts against each named Defendant . . . ."   (Doc. No. 6).   Despite the Court's guidance, Plaintiff did not include any factual allegations specific to either Defendant.   Without any allegations of wrongdoing against either Defendant, Plaintiff cannot establish liability under § 1983.   As such, Plaintiff's personal capacity claims also fail.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that

1.      Plaintiff's Complaint, as amended, be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of October, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."